UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YASHUA AMEN SHEKHEM EL BEY,

        Plaintiff,

-against-

STATE OF NEW YORK (STATE); ANDREW M. CUOMO, GOVERNOR FOR THE STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE (NYSDTF); MICHAEL R. SCHMIDT, COMMISSIONER, NYSDTF; ANDREW D. MORRIS, EXECUTIVE DEPUTY COMMISSIONER, NYSDTF; J. MARTIN, WARRANT OFFICER, NYSDTF; SALVATORE J. RICO, WARRANT OFFICER, NYSDTF; OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF NEW YORK (OAG); GLENN C. KING, ESQ., ASSISTANT ATTORNEY GENERAL, OAG; LETITIA A. JAMES, ESQ., NEW YORK STATE ATTORNEY GENERAL, OAG,

        Defendants.

21-CV-7032 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under, *inter alia* , 42 U.S.C. §§ 1982, 1983, 1985(3), 1986, and 1994, alleging that the State of New York; the Office of the Attorney General of the State of New York; the New York State Attorney General; the Assistant New York State Attorney General; the Governor of the State of New York; the New York State Department of Taxation and Finance (NYSDTF); and various NYSDTF employees are violating his constitutional rights. By order dated December 2, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Yashua Amen Shekhem El Bey brings this complaint challenging an April 23, 2004, income execution order issued by the Supreme Court of the State of New York, County of New York, under income execution identification number E-000380566-E004-9.[1] (ECF No. 2 at 52.). He alleges that, by this income execution order, Defendants "commence[d] a seizure of Plaintiff's hard earned private property and labor, without any court ordered enforcement action, court order or judgment, and absent any sworn oath or affirmation, which continues non-stop, spanning 17 years to the present and is ongoing." (*Id.* at 10.) Plaintiff attaches to his complaint a letter from the New York State Department of Taxation and Finance, dated July 11, 2004, and addressed to Plaintiff's employer, Command Security Corporation. (*Id.* at 50.) The letter included a copy of the April 23, 2004, State of New York, County of New York, income execution order and provided Plaintiff's employer with information about the calculation of deductions. (*Id.* at 52-53.) Plaintiff alleges that (1) the letter falsely represents that a judgment was entered against Plaintiff, and that (2) a subsequent effort on his part to gain redress in the Court of Claims for improper income execution was improperly dismissed. (ECF No. 2 at 17-18.)

Plaintiff brings this complaint seeking a court order directing Defendants to "remove and invalidate" the income execution order. (*Id.* at 47.) He also seeks monetary damages.

---

[1] The Court takes judicial notice of the tax warrant against Plaintiff as listed in the New York State Department of State's Tax Warrant System. *See* https://appext20.dos.ny.gov/stwarrants_public/stw_warrants?p_name=YASHUA+AMEN+SHEKHEM%27EL-BEY&p_county=NEW%20YORK&p_lapsed=1.

DISCUSSION

A.     **Request to Invalidate Income Execution Order**

Plaintiff's request to have the income execution order invalidated must be denied because the Tax Injunction Act (TIA) bars taxpayers from challenging the payment of state taxes in federal court. 28 U.S.C. § 1341; *see, e.g.*, *MLB Enters., Corp. v. New York State Dep't of Taxation & Fin.*, No. 19-CV-4679, 2020 WL 917257, at *2 (S.D.N.Y. Feb. 26, 2020). The TIA provides that federal courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Id*. The TIA's "prohibition is jurisdictional and strips the federal courts of subject matter jurisdiction" over suits for "injunctive relief or declaratory relief."[2] *Campaniello v. N.Y. State Dep't of Taxation & Fin.*, 737 F. App'x 594, 596 (2d Cir. 2018) (quoting *Bernard v. Vill. of Spring Valley, N.Y.*, 30 F.3d 294, 297 (2d. Cir. 1994)).

New York provides a "plain, speedy and efficient" remedy within the meaning of the TIA. A state provides taxpayers with "plain, speedy and efficient" relief "where the available state-court procedures satisfy certain 'minimal procedural criteria,' including a 'full hearing and judicial determination at which [a taxpayer] may raise any and all constitutional objections to the tax.'" *Entergy Nuclear Vt. Yankee, LLC v. Shumlin*, 737 F.3d 228, 233-34 (2d Cir. 2013) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512, 514 (1981)). New York provides avenues to challenge tax assessments in state court. Judicial review is available following an

---

[2] An analogous prohibition extends to claims for damages under 42 U.S.C. § 1983 through the principle of comity. *See Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989) (noting that there is "no significant difference" between the "'plain, speedy and efficient' standard set forth in the [TIA] and the 'plain, adequate, and complete' standard governing comity" (quoting *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 n.8 (1981))).

administrative review process. *See* N.Y. Tax Law § 1138. The process includes a hearing before an administrative law judge and review by the tax appeals tribunal. *Id.* at § 1138(a)(4). After the tribunal's decision, the plaintiff may seek judicial review in state court through an Article 78 proceeding. N.Y. Tax Law §§ 1138(a)(4), 2016; *see Massa v. N.Y. State Tax Comm'n*, 102 A.D.2d 968, 968 (N.Y. App. Div. 1984); N.Y. C.P.L.R. §§ 7801 *et seq.*

The Supreme Court has previously concluded that New York's procedures for challenging tax assessments meet the "plain, speedy and efficient" standard. *See Tully v. Griffin, Inc.*, 429 U.S. 68, 74-77 (1976); *see also Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989) ("Because New York provides several remedies which afford [the taxpayer] an opportunity to raise all constitutional objections to the real property taxes imposed, . . . the Tax Injunction Act bar[s] access to federal court.").

Here, Plaintiff complains about the garnishment of his wages to satisfy a tax warrant and seeks to have this Court "remove and invalidate" the income execution order and declare that: (1) the warrant is "unlawful, unconstitutional, and void"; and (2) defendants' conduct is unconstitutional. (ECF No. 2 at 47.) Because the TIA bars taxpayers from challenging the payment of state taxes in federal court, the Court lacks subject matter jurisdiction to grant Plaintiff the injunctive and declaratory relief he seeks.

**B.      Eleventh Amendment Immunity**

Plaintiff's claims against Defendants are also barred by the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not

waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against Defendants are therefore barred by the Eleventh Amendment and are dismissed.

**C.     Private Prosecution**

Plaintiff purports to bring federal criminal charges against Defendants. Plaintiff cannot initiate the arrest or prosecution of an individual in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Moreover, a prosecutor's discretionary authority to bring a criminal action is "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff's attempt to bring federal criminal charges against Defendants must therefore be dismissed because he fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as barred by the TIA and the Eleventh Amendment, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   December 9, 2021
           New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge